**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| ROY FORDYCE, Individually and as a Representative of a Class of Participants and Beneficiaries of the Caliber Holdings LLC Retirement Savings Plan,<br><br>Plaintiff,<br><br>v.<br><br>WAND NEWCO 3, INC. d/b/a CALIBER COLLISION, and DOES 1-10 INCLUSIVE,<br><br>Defendant. | Case No. 4:25-cv-00997-ALM |

**DECLARATION OF TULIO D. CHIRINOS IN SUPPORT OF (1) PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND (2) PLAINTIFF'S UNOPPOSED MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION COSTS, AND CASE CONTRIBUTION AWARD**

I, Tulio D. Chirinos, declare as follows:

1. I am the Managing Partner of Chirinos Law Firm PLLC ("Chirinos Law Firm") and one of the attorneys of record for Plaintiff, admitted *pro hac vice*. In its Preliminary Approval Order (ECF No. 39), the Court appointed Chirinos Law Firm, Milberg, PLLC, Bloom Legal LLC, and Kendall Law Group, PLLC as Class Counsel. *Id.* ¶ 3. I submit this declaration in support of Plaintiff's Unopposed Motion for Final Approval and Plaintiff's Unopposed Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Costs, and Case Contribution Award. I have personal knowledge of the facts stated here.[1]

[1] Capitalized terms not defined here have the meanings given in the Class Action Settlement Agreement (ECF No. 36-2) ("Settlement Agreement" or "SA").

### A. Prosecution of the Action

2. Before filing suit, Class Counsel investigated the Plan's treatment of forfeited employer contributions by reviewing the Plan's governing documents, participant disclosures, and Forms 5500 and audited financial statements, and by analyzing the Plan's forfeiture usage and the administrative expenses charged to participant accounts.

3. Plaintiff filed this action on September 10, 2025, and filed a detailed 48-page Amended Class Action Complaint on December 1, 2025. ECF No. 12.

4. Defendant moved to dismiss the Amended Complaint in its entirety. ECF No. 15. Class Counsel drafted Plaintiff's opposition, ECF No. 18, and, after Defendant replied, ECF No. 20, Class Counsel tracked and briefed the forfeiture decisions issued nationwide through notices of supplemental authority. *See, e.g.*, ECF Nos. 23, 26. The motion remained pending when the case settled.

5. While the motion was pending, Class Counsel served Plaintiff's initial disclosures and, on April 20, 2026, Plaintiff served his First Requests for Production and First Set of Interrogatories; a Rule 30(b)(6) deposition notice; notices of the video depositions of Sheri Renas, Caliber's Senior Director, Benefits, and Pam DeVeer, its Senior Vice President, Total Rewards and HR Operations; and Rule 45 document subpoenas to the Plan's third-party recordkeepers, Transamerica and Prudential.

6. Class Counsel retained a non-testifying consulting expert, whose fees were advanced by Bloom Legal LLC and Milberg, PLLC, to prepare a preliminary forfeiture damages analysis modeling the Settlement Class's potential losses under several theories. Class Counsel used that analysis to evaluate the case and prepare for mediation.

7. On February 11, 2026, the Court referred this action to Magistrate Judge Zack Hawthorn for mediation. ECF No. 22. The Parties exchanged detailed mediation statements and,

on May 14, 2026, participated in an in-person mediation before Judge Hawthorn, which I attended. The negotiations were adversarial: Defendant contested both liability and damages, and the Parties did not reach agreement at the session.

8. Following the session, Judge Hawthorn made a mediator's proposal of $750,000, which both Parties accepted. Counsel then negotiated the Settlement Agreement and its exhibits, and Plaintiff moved for preliminary approval on June 26, 2026. ECF No. 36. The Settlement Agreement caps any fee request at one-third of the Gross Settlement Amount and any Case Contribution Award at $5,000, but Class Counsel did not negotiate the amount of any fee with Defendant, and the Settlement is not conditioned on any particular award. SA §§ 1.5, 1.10, 6.1, 12.3.

9. Other than the Settlement Agreement and its exhibits, there are no agreements between the Parties, or between Class Counsel and Defendant or Defense Counsel, made in connection with the Settlement.

**B. Preliminary Approval, Notice, and the Independent Fiduciary**

10. On September 14, 2026, the Court granted preliminary approval, conditionally certified the Settlement Class, appointed Class Counsel, approved the Notices, appointed Analytics Consulting LLC ("Analytics") as Settlement Administrator, and set the Fairness Hearing for January 14, 2027. ECF No. 39.

11. Before selecting Analytics, Class Counsel solicited proposals from three settlement administrators. Analytics' estimate ($35,912 for postcard notice) was the lowest, compared with $59,791 from Stretto and $102,663 to $105,077 from Kroll.

12. After preliminary approval, Class Counsel worked with Analytics and Defense Counsel to obtain class data from the Plan's recordkeepers, finalize the Notices, establish the

Qualified Settlement Fund, and launch the Settlement Website, and ensured the Notices were timely sent.

13. Defendant has retained Newport Trust Company, LLC as the Independent Fiduciary under PTE 2003-39. SA § 2.1. Its determination is due by December 15, 2026, and Class Counsel will file it in a supplemental submission on or before January 7, 2027, the deadline for additional briefs under Paragraph 12 of the Preliminary Approval Order.

14. As of the date of this declaration, I am not aware of any objection to the Settlement, the Plan of Allocation, the requested fees and costs, or the Case Contribution Award. I have corresponded with numerous current and former participants about the Settlement by phone and email, answered their questions, and directed them to the Settlement Website and toll-free line as appropriate. With one exception, none expressed opposition. On November 10, 2026, a Settlement Class Member stated in an email to Class Counsel that they "do not support a partial settlement." Class Counsel provided that individual with the instructions for objecting. As of the date of this declaration, the individual has not responded or indicated an intent to object.

### C. Evaluation of the Settlement

15. Based on my experience litigating and defending ERISA class actions, I believe the Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class.

16. Plaintiff's consulting expert estimated that, under Plaintiff's most aggressive theory, maximum Class Period losses were approximately $8.14 million, or approximately $12.43 million inclusive of compounded investment earnings. Defendant contended that participants suffered no harm because employer contributions were entirely discretionary under the terms of the Plan but, in any event, only about $6.7 million in forfeitures were available to offset administrative expenses if used for that purpose.

17. Defendant also contended that the Plan document authorized the use of forfeitures to reduce employer contributions. Had that argument prevailed, recovery could have been limited to the theory that forfeitures were imprudently left unallocated at year end, which the consultant estimated at approximately $608,000, or approximately $907,000 inclusive of earnings.

18. The $750,000 Gross Settlement Amount is therefore approximately 83% of estimated losses under the narrower theory with earnings, more than 100% of that theory without earnings, approximately 6.0% of $12.43 million, approximately 9.2% of $8.14 million, and approximately 11.2% of the $6.7 million in forfeitures that Defendant contended were available to offset administrative expenses.

19. These recoveries are favorable in light of the risks. District courts have divided on forfeiture claims, and no court of appeals had issued a controlling decision when the case settled. An appeal on the theory is pending before the Fifth Circuit in *Estay v. Ochsner Clinic Foundation*, No. 26-30236, but a decision is not likely until 2027. Even if Plaintiff defeated the motion to dismiss, he would have had to prove a loss to the Plan over Defendant's challenges to his damages methodology.

**D. The Class Representative**

20. It has been our privilege to represent Mr. Fordyce. Throughout the case he was mindful of his responsibilities as class representative and actively participated: he communicated with my office about the claims, gathered and provided documents and information, assisted in preparing for mediation, reviewed and evaluated the settlement positions exchanged, approved the mediator's proposal, and reviewed the Settlement Agreement. He agreed to lend his name to a public federal lawsuit against his employer's retirement plan on behalf of absent Class Members,

accepting the attendant risks. He has no interests that conflict with the Settlement Class and will be paid under the same formula as every other Class Member.

21. Based on Mr. Fordyce's time and assistance, his initiative in pursuing this action, and the risks he assumed, I believe the requested $5,000 Case Contribution Award is reasonable and appropriate. It is the amount disclosed in the Notices and is consistent with awards in this District and Circuit.

**E. Professional Overview**

22. My practice concentrates on labor and employment law, with an emphasis on employee benefits (ERISA) litigation involving employer-sponsored retirement and welfare plans. I am licensed in Louisiana (2013) and Florida (2020) and am admitted to the following courts, in each of which I am in good standing: the Courts of Appeals for the Second, Fifth, Ninth, and Eleventh Circuits; the Eastern and Western Districts of Louisiana; the Northern, Middle, and Southern Districts of Florida; and the Supreme Courts of Louisiana and Florida.

23. In addition to this case, the firm's lawyers (including me) have brought nationwide ERISA class actions in more than twenty other cases, including: *Rivetti v. American Express Co.*, No. 1:26-cv-04082 (S.D.N.Y.); *Reid v. Conduent Business Services, LLC*, No. 2:26-cv-02989 (D.N.J.); *Pereida v. JPMorgan Chase & Co.*, No. 1:26-cv-00305 (S.D.N.Y.); *Kiles v. Goodyear Tire & Rubber Co.*, No. 5:26-cv-00179 (N.D. Ohio); *Dean v. Huntington Ingalls Industries, Inc.*, No. 4:25-cv-00124 (E.D. Va.); *Cortez v. Rithm Capital LLC*, No. 3:25-cv-02462 (N.D. Tex.); *Commick v. Tenet Healthcare Corp.*, No. 3:25-cv-02397 (N.D. Tex.); and *Bilodeau v. Verizon Communications, Inc.*, No. 1:25-cv-07057 (S.D.N.Y.).

24. Before founding Chirinos Law Firm, I practiced for ten years (2013–2023) at Proskauer Rose LLP in its Labor & Employment Law Department, as a member of the Employee

Benefits & Executive Compensation Group and the Workplace Investigations Practice Group. There I defended numerous ERISA class actions like this one, including class actions involving more than 200,000 class members and settlements as large as $100 million.

25. I have authored numerous ERISA articles, many on ERISA fee and investment litigation, in the Benefits Law Journal (2016–2024), Bloomberg BNA, and Law360, and co-edited Proskauer's Employee Benefits & Executive Compensation Blog. I have been interviewed by Law360, Bloomberg, Investment News, Pensions & Investments, and trade publications about my ERISA work. Best Lawyers in America has recognized me as "One to Watch" in ERISA Litigation (2021–2024), and Legal 500 named me a Rising Star in ERISA Litigation (2023). I am also the current editor of Chapter 12, Civil Practice and Procedure, of the ABA/Bloomberg Employee Benefits Law treatise.

26. Co-Class Counsel Milberg, PLLC (Alexandr Rudenco), Bloom Legal LLC (Seth J. Bloom), and Kendall Law Group, PLLC (Joe Kendall) have extensive class action experience, and their firms have been appointed lead or co-counsel in numerous class and collective actions. Mr. Rudenco has extensive experience litigating complex class actions, with a focus on representing plaintiffs in ERISA fiduciary-breach litigation. Mr. Kendall is a former United States District Judge for the Northern District of Texas.

**F. Work Performed by Class Counsel**

27. Our experience litigating ERISA forfeiture cases allowed us to handle this action and achieve a significant result for the Settlement Class efficiently. Even so, Class Counsel devoted substantial time to the case. Among other things, we: (1) investigated the claims; (2) drafted the Complaint and the Amended Complaint; (3) opposed Defendant's motion to dismiss and briefed supplemental authority; (4) prepared the joint scheduling report and initial disclosures;

(5) prepared and served written discovery, deposition notices, and third-party subpoenas; (6) retained and worked with a consulting expert on damages; (7) prepared a mediation statement and attended the in-person mediation at the federal courthouse in Plano, Texas; (8) evaluated and accepted the mediator's proposal after consulting with the Class Representative; (9) negotiated and drafted the Settlement Agreement and its exhibits; (10) prepared the preliminary approval papers and completed the proposed order at the Court's request; (11) solicited and evaluated bids from three settlement administrators; (12) reviewed the final Notices and ensured they were timely sent, and worked with Analytics on the Settlement Website and toll-free line; (13) communicated with Class Members about the Settlement; and (14) prepared the present motions. As described in paragraph 34, Class Counsel will also prepare for, travel to, and attend the Fairness Hearing and, after final approval, oversee the remaining settlement tasks, including distribution of settlement payments to the Class.

### G. Hours, Rates, and Lodestar

28. Attached as **Exhibit 1** is a timekeeper summary of Class Counsel's hours and lodestar. As reflected there, I have expended 289.0 hours on this matter through the date of this declaration (including 12.0 hours of travel time to and from the mediation, which I have included at one-half my hourly rate), and Class Counsel collectively have expended 550.1 hours, for a combined lodestar of $342,454.70. Of that total, Milberg, PLLC expended 197.5 hours ($131,604.70 lodestar), Bloom Legal LLC (Seth J. Bloom) expended 41.0 hours ($18,450.00), and Kendall Law Group, PLLC (Joe Kendall) expended 22.6 hours ($22,600.00). My hours are based on my review of the firm's files, including the docket, the pleadings, briefs, and discovery I prepared, correspondence, and calendar entries, and reflect a conservative estimate of the time I devoted to each task. The hours of co-Class Counsel reflected in Exhibit 1 are based on information

each firm provided to me from its records, which I have reviewed. Supporting documentation is available for the Court's review upon request.

29. Chirinos Law Firm's billing rate for my services in ERISA actions is $600 per hour. I have more than 13 years of experience, including ten years defending ERISA class actions at Proskauer Rose LLP.

30. The billing rates of co-Class Counsel are reflected in Exhibit 1. For Milberg, PLLC, they are $1,019 per hour for Gary M. Klinger (senior partner), $902 per hour for Arlene Boruchowitz (senior associate), $625 per hour for Alexandr Rudenco (associate), and $277 per hour for paralegals. Seth J. Bloom of Bloom Legal LLC, who has 22 years of experience, bills at $450 per hour, and Joe Kendall of Kendall Law Group, PLLC, a former United States District Judge, bills at $1,000 per hour. I am familiar with their work and capabilities in complex class litigation, and in my opinion their rates are reasonable given their skill and experience.

31. In setting these rates, our firms are mindful of the rates approved in other ERISA class actions and complex class litigation, as set forth in the fee motion, and of the rates charged by the defense bar in this field.

32. All of Class Counsel's work was undertaken on a contingent basis, and Class Counsel have received no compensation for any of it.[2] Based on our hourly rates and the work performed, Class Counsel's total lodestar is $342,454.70, and the requested $250,000 fee is less than that lodestar, a multiplier of approximately 0.73. Class Counsel expect to spend approximately 50 additional hours on this case through its conclusion, as described in paragraph 34, which will reduce the effective multiplier further. See Ex. 1.

---

[2] In connection with the representation, Plaintiff agreed to a one-third contingency fee and to reimbursement of expenses in the event the action was successfully resolved.

33. In my professional opinion, based on my knowledge of the work performed and the requirements of this and similar cases, the time Class Counsel expended on this action was reasonable and necessary.

34. After the date of this declaration, Class Counsel expect to perform additional work for the Settlement Class, including: (1) working with the Independent Fiduciary; (2) preparing the supplemental submission due January 7, 2027 and responding to any objections; (3) preparing for and attending the Fairness Hearing in Sherman, Texas; (4) if final approval is granted, supervising Analytics to ensure proper and efficient distribution of payments; (5) responding to Class Member questions; and (6) taking any other actions necessary to support the Settlement through its conclusion.

35. Any attorneys' fees awarded will be allocated among the four Class Counsel firms, and no portion will be shared with anyone other than Class Counsel. Each firm will be reimbursed for the expenses it advanced.

## H. Litigation Costs

36. Class Counsel advanced all costs of this litigation. Because we handled the action on a contingent basis, we have not been reimbursed for any of these expenses.

37. As of the date of this declaration, Class Counsel have incurred $28,417.46 in litigation costs, broken down as follows:

| **Category** | **Advanced by** | **Cost** |
|---|---:|---:|
| Non-testifying expert fees (pre-suit investigation through mediation) | Bloom Legal | $25,848.00 |
| Complaint filing fee ($405.00) and service of process ($254.63) | Kendall Law Group (reimbursed by Chirinos Law Firm) | $659.63 |
| *Pro hac vice* fee (T. Chirinos) | Chirinos Law Firm | $100.00 |
| Pro hac vice fees (Milberg attorneys) | Milberg | $300.00 |

| Category | Advanced by | Cost |
|---|---|---|
| May 13–14, 2026 mediation travel: airfare ($406.79), rental car ($127.05), hotel ($138.99) | Chirinos Law Firm | $672.83 |
| Non-testifying expert fees (one-half of mediation-related invoice) | Milberg | $837.00 |
| **Total incurred** | | **$28,417.46** |

38. In addition, I expect to incur approximately $672.83 in travel costs to attend the Fairness Hearing in Sherman, Texas on January 14, 2027, based on the actual costs of my travel to the May 2026 mediation: airfare ($406.79), one night's lodging ($138.99), and a rental car ($127.05). Class Counsel request that these expected costs be included in the expense award, and will report the actual amounts in the supplemental submission due January 7, 2027 or at the Fairness Hearing. With these expected costs, total litigation costs are approximately $29,090.29. The expenses of co-Class Counsel reflected above are based on information each firm provided to me from its records, which I have reviewed.

39. If the Court would like further detail or documentation of these costs, we will gladly provide it.

40. In my professional opinion, these expenses were reasonable and necessarily incurred in connection with this action.

## I. Settlement Administration Expenses

41. Analytics has extensive experience administering class action settlements, including numerous ERISA settlements. Analytics has confirmed that its fees and expenses will be approximately $35,912, consistent with its bid for the postcard notice program. Analytics Decl. ¶ 16. These are Administrative Expenses paid from the Gross Settlement Amount, SA §§ 1.3, 5.1, and cover reviewing the class data, preparing and sending the Notices, address research and re-

mailing, the toll-free line, the Settlement Website, project management, and, after final approval, calculating and distributing settlement payments.

42. Under the Settlement Agreement, Defendant retained the Independent Fiduciary, and the Independent Fiduciary's fees and expenses are likewise Administrative Expenses paid from the Gross Settlement Amount. SA §§ 1.3(f), 2.1, 5.2.5. The Independent Fiduciary's quoted fee is $12,500.

### J. Exhibits

43. Attached is a true and correct copy of **Exhibit 1**, Class Counsel timekeeper and lodestar summary.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 13, 2026.

*/s/Tulio D. Chirinos*
Tulio D. Chirinos

**EXHIBIT 1**

*Fordyce v. Wand Newco 3, Inc. d/b/a Caliber Collision*, No. 4:25-cv-00997-ALM (E.D. Tex.)
Class Counsel Lodestar Summary (through November 2026)

| **Timekeeper (Firm)** | **Position** | **Rate** | **Hours** | **Lodestar** |
|---|---|---|---|---|
| Tulio D. Chirinos (Chirinos Law Firm) | Partner | $600 | 289.0* | $169,800.00 |
| Gary M. Klinger (Milberg) | Senior Partner | $1,019 | 25.5 | $25,984.50 |
| Arlene Boruchowitz (Milberg) | Senior Associate | $902 | 5.4 | $4,870.80 |
| Alexandr Rudenco (Milberg) | Associate | $625 | 156.9 | $98,062.50 |
| Heather Sheflin (Milberg) | Paralegal | $277 | 6.2 | $1,717.40 |
| Ashley Tyrrell (Milberg) | Paralegal | $277 | 2.3 | $637.10 |
| Kendal McLaughlin (Milberg) | Paralegal | $277 | 0.8 | $221.60 |
| Michelle Benvenuto (Milberg) | Paralegal | $277 | 0.3 | $83.10 |
| Leslyn Jordan (Milberg) | Paralegal | $277 | 0.1 | $27.70 |
| Seth J. Bloom (Bloom Legal) | Founder | $450 | 41.0 | $18,450.00 |
| Joe Kendall (Kendall Law Group) | Partner | $1,000 | 22.6 | $22,600.00 |
| Grand Total (current) | | | 550.1 | $342,454.70 |

*Mr. Chirinos's lodestar reflects 277.0 hours at $600 and 12.0 hours of mediation travel at $300 (one-half rate).

Current multiplier ($250,000 ÷ total lodestar): 0.73

Expected additional work by Class Counsel (not included above): approximately 50 hours, including the supplemental submission, any objections, the Independent Fiduciary process, Fairness Hearing preparation, travel, and attendance, and oversight of distribution.